**Marilyn J. MORETTI**

v.

**Vincent F. MORETTI.**

**No. 99–171–Appeal.**

Supreme Court of Rhode Island.

Feb. 9, 2001.

Kathleen Managhan, Joseph T. Houlihan, Newport, for Plaintiff.

Allen M. Kirshenbaum, Warwick, for Defendant.

Present WEISBERGER, C.J., LEDERBERG, FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

This case came before the Court for oral argument on January 22, 2001, pursuant to an order that directed both parties to appear in order to show cause why the issues raised by this appeal should not be summarily decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the issues raised by this appeal should be decided at this time. The facts insofar as pertinent to this appeal are as follows.

Marilyn J. Moretti (plaintiff) and Vincent F. Moretti (defendant) were married on October 6, 1974. The parties separated in 1996. Only one of the couple's three children was a minor at the time of trial. All three children resided with plaintiff.

After a trial in the Family Court, the trial justice granted an absolute divorce on the statutory grounds of irreconcilable differences. Before trial, the parties stipulated to an equal distribution of the marital assets and to an award of joint custody of the minor child. Therefore, the only issues for resolution at trial were the value of the marital assets, the issue of goodwill as to defendant's landscaping business, the dissipation of assets by plaintiff during the marriage, and plaintiff's request for alimony. With regard to these issues, the trial justice concluded that the value of defendant's landscaping business included goodwill and that plaintiff had dissipated $46,700 in marital assets. He also ordered defendant to pay $400 a week to plaintiff for five years as rehabilitative alimony. The defendant appealed. Additional facts will be supplied as needed to address the issues raised in this appeal.

The defendant raises several issues on appeal. First, defendant argues that the trial justice erred when he found that

goodwill was a component of the value of defendant's landscaping business. Second, defendant argues that the trial justice erred when he awarded plaintiff rehabilitative alimony. Finally, defendant argues that the trial justice erred when he found that plaintiff dissipated $46,700 in marital assets.

The defendant's first argument on appeal is that the trial justice erred when he found that goodwill was a component of the value of defendant's landscaping business. The defendant, a retired Cranston police officer, is the sole owner of Tangleridge Landscaping, Inc. (Tangleridge or business). The defendant started the business during the marriage and he has operated it for the last seventeen years. His only employees are six workers, all of whom speak very little or no English. The defendant is the only person who deals with clients.

Glen Stevenson (Stevenson), a certified public accountant presented by plaintiff, qualified as an expert witness at trial. He testified that he evaluated defendant's business using the excised earnings method—a method he described as a combination of an income approach and an asset approach. He testified that he begins such an evaluation by determining what would be a fair rate of return for the assets of the company. Once a fair rate of return has been determined, it is compared to the earnings of the company. The difference between the company's earnings and the earnings from the assets is the earnings from goodwill. Then, to determine the fair market value of the company, one adds the value of the goodwill to the value of the assets. Stevenson concluded that Tangleridge had a fair market value of $477,000, including the value of goodwill, which he estimated to be $164,011.

The defendant presented the testimony of Richard A. DeMerchant (DeMerchant), who is also a certified public accountant. He testified that he calculated the value of the business by adding together the values of the assets. However, he did not include the goodwill of the business because of this Court's holding in *Becker v. Perkins–Becker*, 669 A.2d 524, 528 (R.I.1996) (holding that "[t]he capitalization of earnings of a professional practice on the basis of the services of a single individual in order to arrive at a good-will factor in ascertaining the value of such practice is improper as a matter of law"). According to DeMerchant, the value of the business was $321,058.

■ The trial justice concluded that *Becker* was distinguishable from the instant case. We agree with this determination of the trial justice. Certainly, one is not precluded, as a matter of law, from determining that a landscaping business may have a goodwill component to its corporate value. The question here is whether, under the facts of this case, the trial justice erred in accepting the testimony of Stevenson in light of his concession on cross-examination.

In his testimony, Stevenson testified that

"[t]he earning capacity of the Company is also based on the primary contact person of the Company, Mr. Moretti, and his ability to maintain his relationship with the customers. His goodwill with the customers should continue to provide the Company with future revenue."

He also acknowledged that should defendant die, the business would be worth only the value of the assets. This evidence seems to suggest that the goodwill of defendant's business depended upon his continued presence in the business. Consequently, any potential purchaser of this business, in determining the price to be paid for it, would have to calculate the risk factor that would apply if defendant left the business. It does not appear that Stevenson's estimate of the value of goodwill took this risk factor into account.

■ In evaluating goodwill as a company asset, it is important to distinguish

between personal and enterprise goodwill. "Enterprise goodwill is an asset of the business and accordingly is property that is divisible in a dissolution to the extent that it inheres in the business, independent of any single individual's personal efforts and will outlast any person's involvement in the business." *Yoon v. Yoon,* 711 N.E.2d 1265, 1268–69 (Ind.1999).

In the case at bar, it does not appear that either expert attempted to evaluate enterprise goodwill, as opposed to personal goodwill, which depended upon defendant's continued involvement in the business. We are of the opinion that this case should be remanded to the Family Court so that enterprise goodwill, as opposed to personal goodwill, may be evaluated and applied to the overall value of Tangleridge, taking into account the risk factor that would be applicable if defendant left the business.

With regard to the other issues raised by defendant, that is, the dissipation of assets and the award of alimony, we have considered defendant's arguments in support of these issues and find that they are without merit. The spoliation argument presented to us on the issue of dissipation of assets was waived because it was not addressed to the trial justice.

For the reasons stated, the defendant's appeal concerning the valuation of the goodwill of Tangleridge Landscaping, Inc. is sustained. His appeal in respect to all other issues is denied and dismissed. The papers of the case are remanded to the Family Court for reconsideration of the value of the goodwill of Tangleridge in accordance with this opinion.

Justice Bourcier did not attend oral argument but participated on the basis of the briefs.